KELLY, Circuit Judge,
concurring.
Wright held that “Section 571.030[ ] does not require the state to prove that a[ ] ... firearm is ‘functional,’ ” commenting that “the majority of cases have consistently held there is no requirement for a firearm to be loaded or operational for a defendant to be convicted.” 382 S.W.3d at 904-05. Because I believe this holding does not require a firearm to be functional to support a conviction under § 571.030,1 concur in the court’s ruling in this case. I write separately, however, to express some concern with the reasoning of Wright as applied to the facts here. In Wright, the *467 Supreme Court of Missouri was faced with the argument that “there was insufficient evidence introduced at trial to find” that the firearm in that case “was a ‘functional lethal weapon.’ ” 382 S.W.3d at 905. In holding that such evidence was not required, the Supreme Court collapsed the concepts of “functional” and “readily capable of lethal use.” Even if the State is not required to prove that the firearm is “functional,” in the sense that it works as designed, the plain language of the statute does require proof that the firearm is “readily capable of lethal use.” Whether the firearm is functional seems relevant to this inquiry — not necessarily dispositive, but relevant.
This distinction is illustrated by the special negative defense enumerated in § 571.030.3: that defense applies to transporting weapons “in a nonfunctioning state,” as distinct from a nonfunctioning weapon. The latter suggests the firearm doesn’t work as a firearm at all under any circumstances; the former suggests that an otherwise functioning firearm doesn’t presently function simply because of the state it is in, perhaps because it is unloaded, purposely broken down into its parts, or otherwise disabled to prevent unexpected discharge during transportation. A firearm “in a nonfunctioning state” could under some circumstances be “readily capable of lethal use,” but the special negative defense allows a defendant to avoid culpability if he can prove the weapon or firearm was being transported “in a non-functioning state” even if the firearm was otherwise “readily capable of lethal use.”
That does not, however, answer the precise question posed by this case: whether the fact that a firearm is completely non-functioning is relevant to determining whether it is “readily capable of lethal use.” If faced with this question on facts like those presented here — where all parties agree that Dixon’s pistol was nonfunc-tioning — it seems possible that the Supreme Court of Missouri would limit the applicability of Wright, and would rather consider the functionality of the firearm in the context of the plain language of the statute, which asks whether the weapon exhibited was “readily capable of lethal use.” Because the Missouri courts have not been presented with the opportunity to consider such a case, however, I concur.